HANNAN et al. v. CITY OF HAVERHILL et al.

Civil Action No. 1086.

District Court, D. Massachusetts.

Feb. 17, 1941.

Order Affirmed May 29, 1941.

See 120 F.2d 87.

Hayden Covington, of Brooklyn, N. Y., Alfred A. Albert, of Boston, Mass., and Henry G. Judson, of Fairhaven, Mass., for plaintiffs.

W. Clifford McDonald, City Sol., of Haverhill, Mass., Henry J. Lynch, and Charles E. Sawyer, all of Haverhill, Mass., for defendants.

McLELLAN, District Judge.

In this action, the plaintiffs seek to restrain the enforcement of an ordinance of the City of Haverhill reading:

"No person except newsboys selling newspapers shall stand in any street or way for the purpose of selling any articles or for the exercise of any business or calling unless otherwise provided by law, ordinance, or special permit."

The prayer for temporary injunction against enforcement of this ordinance was heard upon affidavits, and was argued by counsel. The plaintiffs assert, and the defendants deny, that as to the plaintiffs the foregoing ordinance comes within the Civil Rights Act of April 20, 1871, and deprives the plaintiffs of the constitutional right to freedom of speech and assembly guaranteed by the Fourteenth Amendment

to the Constitution of the United States. This court's jurisdiction in equity is not assailed by the defendants, and the case is here treated as involving the sole issue to which counsel on each side addressed their oral arguments.

### Findings of Fact.

(1) The plaintiffs are members of a religious sect known as Jehovah's Witnesses. Attempting to sell magazines entitled "Watch Tower" and "Consolation" on the streets of Haverhill, explaining the tenets of Jehovah's Witnesses, they were arrested, held for trial, tried, convicted of violation of the above ordinance, and sentenced to pay a fine, from which sentences they appealed. Any further attempt thus to sell these magazines on the streets of the City of Haverhill will meet similar prosecution unless enjoined.

(2) The defendant City of Haverhill is a municipal corporation, the defendant Lynch Chief of Police of Haverhill, the defendant Sawyer a special justice of the central district court having jurisdiction in Haverhill, and the defendant McDonald is the city solicitor of that municipality. They had to do with the above-mentioned enforcement, and will have to do with the subsequent enforcement of the ordinance here attacked by the plaintiffs.

(3) None of the plaintiffs applied for or was refused the special permit for which the ordinance provides.

(4) Insofar as any question of fact is here involved, I find that the ordinance does not deprive the plaintiffs of the undoubted right to freedom of speech and assembly or any other right guaranteed by the Constitution of the United States.

### Conclusions of Law.

That the plaintiffs have the constitutional right to use, subject to reasonable regulations, the streets of the City of Haverhill for the free distribution of the magazines and literature here involved, is so clear as hardly to require the citation of authorities. I find, however, nothing in Lovell v. Griffin, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949; Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423; Schneider v. State, 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155; Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213, 128 A.L.R. 1352, or in any other decision of the Supreme Court of the United States, invalidating a municipal ordinance which

forbids the use of public streets "for the purpose of selling any articles or for the exercise of any business or calling unless otherwise provided by law, ordinance, or special permit", though applied to persons engaged in selling magazines. In view of such presumption as exists in favor of the constitutionality of legislation by a state or one of its arms, a court of first instance should not, by granting the temporary injunction here sought, strike down this ordinance.

The plaintiffs' prayer for a preliminary injunction is denied.